NOT DESIGNATED FOR PUBLICATION

No. 114,498

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VILLAGE GARDENS CONDOMINIUM OWNERS ASSOCIATION,
*Appellee*,

v.

ALEX HUAQIANG LEO (aka HUAQIANG LIU), JANE DOE #1,
the Unknown Spouse of ALEX LEO,
*Appellant-defendant*,

and

CAPITOL FEDERAL SAVINGS,
*Appellee-defendant*,

and

JOHN DOE, Unknown Tenant at 1685 E. 120th St., and
JANE DOE #2, Unknown Tenant at 1685 E. 120th St.,
*Defendants*.

MEMORANDUM OPINION

Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion filed November 18, 2016. Affirmed.

*Alex Huaqiang Leo*, of Xiangyang, Hubei, People's Republic of China, appellant pro se.

*Mark V. Bodine*, of Bennett, Bodine & Waters, P.A., of Shawnee, for appellee Village Gardens Condominium Owners Association.

Before MCANANY, P.J., PIERRON, J., and BURGESS, S.J.

1

*Per Curiam*: This action was brought by Village Gardens Condominium Owners Association to foreclose on its lien for unpaid condominium association assessments on the condo unit owned by Alex Huaqiang Leo and for a money judgment against Leo. Capitol Federal Savings, the holder of mortgages on the property, was added as an additional party. Village Gardens moved for summary judgment of foreclosure and for summary judgment against Leo, which the district court granted. The judgment included unpaid assessments plus interest and attorney fees. The court issued an order for sale of Leo's condo unit, and the unit was sold.

Leo appeals. He claims the district court erred in issuing an ex parte discovery order and in denying his request to take judicial notice of the fair market value of the condo as well as the outstanding balances on the mortgage loans. Leo also claims the district court did not have subject matter jurisdiction, denied his right to a jury trial, and denied due process of law in dismissing his counterclaim.

Although Leo includes some citations to the record, his specific points of error are not keyed to the record on appeal. His rather confusing brief fails to comply with Supreme Court Rule 6.02(a)(4) (2015 Kan. Ct. R. Annot. 41), which requires the facts to be keyed to the record on appeal by volume and page number. "The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal." Rule 6.02(a)(4).

The parties are well acquainted with the factual details of the case, so we need not repeat all of them here. We do note the following.

Capitol Federal was the holder of two mortgages on the condo. Village Gardens originally asserted that its lien was superior to Capitol Federal's interest in the property. Capitol Federal, on the other hand, claimed its interest had priority over Village Gardens' lien.

2

Leo moved to dismiss, asserting that Village Gardens had no actionable claim because the balances on the Capitol Federal mortgage loans exceeded the value of the condo unit, so the "probable proceeds from the auction . . . would not entitle [Village Gardens] to any relief." He also asserted a counterclaim in which he claimed $5,000 in damages to a "white Saturn car."

In March 2015, the district court held a hearing on Leo's motion to dismiss. Leo appeared by telephone. The district court continued the hearing to April 2015. In the meantime, Village Gardens and Capitol Federal reached an agreement on the order of priority of their various interests. They agreed that Capitol Federal's first mortgage lien had priority, followed by Village Gardens' lien, and then Capitol Federal's second mortgage lien. The agreement was memorialized in a written stipulation.

Shortly thereafter, Village Gardens moved to compel discovery responses from Capitol Federal.

Then, a few days before the rescheduled April hearing, Leo moved to further continue the hearing to May 2015. At the rescheduled April hearing, Leo appeared neither in person nor by phone. Village Gardens informed the court that Leo had filed a motion to continue the hearing. The district court refused to continue the matter, denied relief on Leo's motion, and dismissed his counterclaim.

In May 2015, Village Gardens moved for summary judgment. Following responses by Leo and Capitol Federal, the district court granted the motion, entered a decree of foreclosure, and entered judgment against Leo for unpaid condominium assessments plus interest and attorney fees.

First, Leo claims on appeal that the district court erred in issuing an "*ex parte*" discovery order. Leo claims "[t]he order on its face is an unconstitutional *ex parte* order,

3

for it deprived Appellant of his statutory rights provided by K.S.A. 60-205(a) and (b), without *due process* of law."

K.S.A. 60-205 relates to service of written motions, among other things. Here, the discovery order was prompted by Village Gardens' oral motion to compel discovery from Capitol Federal. K.S.A. 60-205 does not apply. But K.S.A. 2015 Supp. 60-237(a)(1) states: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure of discovery." Village Gardens does not dispute that Leo was not given notice of the motion, but it asserts the lack of notice "was inconsequential and involved a discovery issue that was addressed to Capitol Federal."

The district court has broad discretion in considering discovery requests. Discovery orders will not be overturned unless the appellant has shown that the district court abused its discretion in issuing it. *Miller v. Glacier Development Co.*, 284 Kan. 476, 498, 161 P.3d 730 (2007). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *Wiles v. American Family Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). Leo does not contend that the discovery dispute involved him or that the court's order adversely affected his interests in any manner. We see no abuse of discretion here. The failure to notify Leo of Village Gardens' oral discovery motion was harmless. It did not affect Leo's substantial rights, and there is no claim that the outcome of the proceedings would have been different if Leo had been given notice. See *Dickerson v. St. Luke's South Hospital, Inc.*, 51 Kan. App. 2d 337, 353, 346 P.3d 1100 (2015), *rev. denied* 303 Kan. ___ (2016). See also K.S.A. 2015 Supp. 60-261; *State v. Ward*, 292 Kan. 541, 565, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Second, Leo claims the district court erred in denying his request to take judicial notice of the fair market value of his condo unit and the balances due on the outstanding

mortgage loans. A district court has discretion to take judicial notice of certain types of information as stated in K.S.A. 60-409. See *State v. McDonald*, 222 Kan. 494, 495-96, 565 P.2d 267 (1977); *Van Welden v. Ramsay's Inc.*, 199 Kan. 417, 422, 430 P.2d 298 (1967); *In the Interest of J.B.*, No. 114,837, 2016 WL 4500942, at *5 (Kan. App. 2016). Under K.S.A. 60-409, a district court shall take judicial notice of "specific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy" if (1) the party furnishes the court with sufficient information to properly comply with the request; and (2) has given each adverse party such notice as the judge may require to allow the party to meet the request.

Leo fails to direct us to anything in the record that establishes that the district court refused his request. But if the district court did refuse his request, without a citation to the district court's ruling on Leo's motion, it is not possible for us to review the court's reasoning for its denial of Leo's request. In any event, it appears to us that evidence regarding the value of the property and the balances due on the outstanding mortgage loans would not constitute the type of information covered by K.S.A. 60-409 because it is not found in "easily accessible sources of indisputable accuracy."

Even if the district court refused to take judicial notice of these claimed facts, Leo does not show that the district court abused its discretion in doing so. Besides, Leo had the opportunity to deal with these claimed values in the summary judgment proceedings. He had the opportunity to controvert Village Gardens' claimed uncontroverted facts as well as provide "any additional genuine issues of material fact that preclude summary judgment." Supreme Court Rule 141(b)(1)(C)(i) (2015 Kan. Ct. R. Annot. 243). Finally, Leo fails to show he was prejudiced by the district court's action. See K.S.A. 2015 Supp. 60-261. Leo fails to show that he was not denied due process of law by the district court's failure to take judicial notice of this information. He has not shown any error requiring reversal.

5

Third, Leo claims the district court lacked subject matter jurisdiction to hear Village Gardens' claims. He asserts that Village Gardens lacked standing because there was no redress available for its claims. Leo's argument appears to be based on the notion that because the property is worth less than the balance of the first mortgage loan, Village Gardens will have difficulty recovering on any personal judgment against him. But Leo makes no argument that he is so personally impoverished that a judgment creditor could not successfully proceed against his personal nonexempt assets.

Whether jurisdiction exists is a question of law over which our review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). Subject matter jurisdiction is the power of the court to hear and decide a particular type of action.

Leo claims that the district court lacked Article III jurisdiction under the United States Constitution. Article III of the United States' Constitution relates to the powers of our federal courts. It has nothing to do with the power of state courts. See *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617, 109 S. Ct. 2037, 104 L. Ed. 2d 696 (1989); *State ex. rel. Morrison v. Sebelius*, 285 Kan. 875, 893, 179 P.3d 366 (2008).

Kansas courts have repeatedly recognized that "'judicial power' is the "'power to hear, consider and determine controversies between rival litigants."' [Citations omitted.]" *Kansas Bldg. Industry Workers Comp. Fund v. State*, 302 Kan. 656, 680, 359 P.3d 33 (2015). Here, the Johnson County District Court had original jurisdiction to hear Village Gardens' claim for unpaid condominium assessments. The district court had jurisdiction to enter judgment against Leo for the outstanding assessments and to order the sale of his condo unit to satisfy Village Gardens' lien. Even if Village Gardens were to have difficulty recovering its personal judgment against Leo, this would not divest the district court of jurisdiction.

6

Leo also claims Village Gardens has no standing to prosecute its claim, but he never explains how Village Gardens lacks standing. Leo provides caselaw explaining standing and its requirements. But he fails to tie this caselaw to Village Gardens or this claim. This claim by Leo has been abandoned.

Fourth, Leo claims the district court denied him his statutory right to a jury trial without due process of law. K.S.A. 2015 Supp. 60-238(a) provides: "The right of trial by jury as declared by section 5 of the bill of rights in the Kansas constitution, or as provided by a state statute, is preserved to the parties inviolate." But the right to a jury trial in a civil proceeding is not absolute. *Waggener v. Seever Systems, Inc.*, 233 Kan. 517, 520, 664 P.2d 813 (1983).

Summary judgment is the proper device for resolving cases without the time and expense of a trial when there are no genuine issues of material fact to be resolved at trial and based on the undisputed facts the moving party is entitled to judgment as a matter of law. Leo does not contend that the district court erred in granting summary judgment. He does not identify any genuine issues of material fact that should have been tried to a jury. This contention fails.

Fifth, Leo claims the district court erred by dismissing his counterclaim at the April 2015 hearing "without due service of process for Appellant." Leo relies on K.S.A. 2015 Supp. 60-303(d)(1), which sets forth one of several means for perfecting service of process. Notice of a hearing is not given by service of process. K.S.A. 2015 Supp. 60-303(d)(1) does not apply to the facts of this case. Besides, the record reflects that Leo was given notice of the hearing at which the court took up this matter. Because this is the only basis asserted for Leo's claim that he was denied due process, this claim fails.

Affirmed.